# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

---X

BASF CORPORATION,

        Plaintiff,

-against-

JOE'S AUTO SOLUTIONS LLC,

        Defendant.

---X

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendant Joe's Auto Solutions LLC ("Defendant"), alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Defendant is a Michigan limited liability company with its principal place of business at 756 W. Main Street, Farwell, Michigan 48622. Based on BASF's interactions and dealings with Defendant and Defendant's filings with the State of Michigan, Defendant's sole member is Earl Joseph Robinson, who is a citizen of Michigan.

3. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

4. Defendant is a body shop engaged in the business of refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendant is a citizen of the State of Michigan. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Michigan.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted

herein occurred in the District and Defendant is subject to the personal jurisdiction in this District.

7. Michigan substantive law governs BASF's claims per Paragraph 6 of the agreement at issue.

## GENERAL ALLEGATIONS

### *The Terms of the Requirements Agreement*

8. On February 23, 2017, BASF and Defendant entered into an agreement for Defendant to purchase Refinish Products ("Requirements Agreement"), a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

9. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $694,000.00 ("Minimum Purchases") in the aggregate with BASF Glasurit and RM Refinish Products, at suggested refinish pricing.

10. Pursuant to Paragraph 3 of the Requirements Agreement, and in consideration for Defendant fulfilling all of its obligations, BASF agreed to pay Defendant $100,000.00 in consideration ("New Consideration") and Defendant agreed to assume liability for $15,300.00 of unearned contract consideration ("Unearned Consideration") from an earlier requirements agreement that was

executed between BASF and Defendant in November 2012. The combined New Consideration and the Unearned Consideration amount to a total of $115,300.00 ("Contract Fulfillment Consideration").

11. Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement was terminated for any reason prior to Defendant purchasing a minimum of $694,000.00 of BASF Glasurit and RM Refinish Products, Defendant was required to refund 100% of the Contract Fulfillment Consideration to BASF.

### *Defendant's Breach of the Requirements Agreement*

12. On or about August 30, 2020, Defendant, without any legal justification, breached and ultimately terminated the Agreement by, among other things, purchasing Refinish Products from one of BASF's competitors, thus failing to fulfill one hundred percent of its requirements for Refinish Products with BASF Glasurit and RM Refinish Products purchased from a BASF authorized distributor prior to fulfilling its $694,000.00 Minimum Purchases requirement.

13. Defendant's breach occurred prior to Defendant purchasing a minimum of $694,000.00 of BASF Refinish Products. At the time of Defendant's breach, Defendant had purchased approximately $468,918.97.00 in BASF Glasurit and RM Refinish Products, leaving a purchase balance due and owing of $225,081.03.

14. In violation of Paragraph 3 of the Requirements Agreement, Defendant has failed and refused to refund BASF the $115,300.00 Contract Fulfillment Consideration.

15. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

16. By letters dated March 12, 2021 and September 17, 2021, true and accurate copies of which are attached hereto as Exhibits B and C, respectively, BASF gave Defendant notice that Defendant was in default of its contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

17. Despite this demand, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement and to this day, has failed to satisfy its obligations.

## COUNT 1

### Breach of Contract Against Defendant

18. BASF incorporates by reference the allegations contained in the above paragraphs.

19. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its Refinish Products requirements with BASF Glasurit and RM Refinish Products purchased from an authorized BASF distributor until it reached its $694,000.00 Minimum Purchases requirement.

20. Despite its obligations under the Requirements Agreement and in breach thereof, Defendant has switched to purchasing Refinish Products from a competitor of BASF, failed to meet its Minimum Purchases requirement under the Requirements Agreement, and failed to pay BASF the amounts due and owing thereunder.

21. Pursuant to Paragraph 3 of the Requirements Agreement, Defendant was required to refund the $115,300.00 Contract Fulfillment Consideration to BASF if the Requirements Agreement were terminated for any reason prior to Defendant purchasing a minimum of $694,000.00 of BASF Glasurit and RM Refinish Products, yet has refused to do so.

22. As of the date of the filing of this Complaint, as a direct and proximate result of Defendant's breach, Defendant has damaged BASF under the Requirements Agreement as follows:

    a. $115,300.00 for refund of the Contract Fulfillment Consideration; and

b. the remaining $225,081.03 balance of Defendant's Minimum Purchases requirement of $694,000.00.

23. BASF has performed and fulfilled all obligations and conditions above and beyond what was required of it under the terms of the Requirements Agreement.

24. As a direct and proximate result of Defendant's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $340,381.03.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT II

### Unjust Enrichment Against Defendant

25. BASF incorporates by reference the allegations contained in the above paragraphs.

26. Through BASF's business relationship with Defendant, Defendant accepted and received the benefit of the $115,300.00 given to Defendant by BASF in anticipation of the parties' continued business relationship.

27. Despite demand for repayment, Defendant has refused to return the $115,300.00 to BASF.

28. BASF expected remuneration of the $115,300.00 and Defendant's failure to give remuneration in the amount of $115,300.00 has unjustly enriched Defendant.

29. It would be inequitable and unjust for Defendant to have received the benefit of the Contract Fulfillment Consideration when Defendant has terminated the parties' business relationship.

30. By reason of the foregoing, Defendant has been unjustly enriched by $115,300.00 for which BASF is entitled to be compensated in full by Defendant, together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, but not less than $115,300.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT III

### Declaratory Relief Against Defendant

31. BASF incorporates by reference the allegations contained in the above paragraphs.

32. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

33. An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement. Defendant contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

34. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

**WHEREFORE**, BASF demands declaratory judgment ruling that the Requirements Agreement is still in full force and effect, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendant as follows:

    a.    Awarding BASF monetary damages in an amount to be determined at trial, but not less than $340,381.03 together with prejudgment interest;

    b.    Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

    c.    Awarding BASF all costs and fees of this action as permitted by law; and

    d.    Awarding BASF such other and further relief as this Court deems just and proper.

Dated: March 24, 2022
    New York, New York

    LEADER BERKON COLAO
    & SILVERSTEIN LLP

By:    */s/ Caroline C. Marino*
    Caroline C. Marino
    cmarino@leaderberkon.com
    630 Third Avenue
    New York, New York 10017
    P (212) 486-2400
    F (212) 486-3099
    P64937